DECISION
Before the Court is the Washington Trust Company's petition for instructions. The petition concerns the propriety of suing beneficiaries of a trust, of which Washington Trust is trustee, due to the beneficiaries' allegedly wrongful dilution of Class A stock of Nyman Manufacturing Co. Nyman Manufacturing Company was formerly the principal asset of the Walfred M. Nyman Intervivos Trust. For the reasons set forth below, the petition for instructions is denied.
 FACTS/TRAVEL
The Walfred M. Nyman Trust (Trust) is an intervivos trust that includes a testamentary marital trust to benefit Walfred's wife, Elizabeth Nyman, and a residuary trust that benefits Elizabeth and the children, Robert and Kenneth Nyman, Beverly Keipler, and Judith Lawton, as well as several grandchildren. Washington Trust Company (WTC) serves as trustee for the trust.
In late 1996, when WTC became trustee, the trust owned 1677 shares of Class A non-voting stock of Nyman Manufacturing Company (the company). In September of 1997, all shareholders sold their Class A and Class B shares to Van Leer Corporation (Van Leer) for a gross sale price of $28,164,735. Van Leer paid $166,728 per share for the 13,500 Class A shares outstanding. Prior to the sale, Robert and Kenneth Nyman (Nyman Defendants) served as officers and directors of the company and ran the day-today operation of the business.
In 1998, Beverly Keipler and her daughter, Kristin Branch, sued the Nyman Defendants in the United States District Court for the District of Rhode Island, C.A. 98-272T, claiming the two diluted the value of Keipler and Branch's ownership interest in the company. Specifically Keipler alleged the Nyman Defendants wrongfully issued themselves thousands of shares of Nyman stock prior to the sale to Van Leer, thereby substantially diluting the value of the stock of Keipler and Branch. They sought damages in the amount of $14,316,382. Judith Lawton and her family members filed a similar suit in the same year, C.A. No. 98-288T.
In March of 1999, Keipler's counsel suggested to WTC that the Nyman Defendants also diluted the value of the shares of the company held by the Trust. WTC, as trustee, owed a fiduciary duty to all beneficiaries. WTC had concerns over suing a beneficiary of the Trust and breaching that fiduciary duty to the Nyman Defendants. Therefore, WTC commenced an investigation into the validity of the dilution claims.
On August 28, 2000, Keipler's counsel formally demanded that WTC join the lawsuit and pursue a claim on behalf of the trust. WTC had not fully investigated the claims, and viewed the demand as an attempt by Keipler to defray her costs of litigation. With trial set for September of 2000, WTC did not feel it was sufficiently informed to take action against trust beneficiaries.
On September 28, 2000, WTC filed a petition for instructions with this court. A Superior Court Justice dismissed the petition as moot on January 26, 2001 since, at the time of hearing on the petitions the Keipler litigation had already been heard in Federal Court. WTC discontinued its investigation and awaited the outcome of the Keipler and Lawton suits.
On February 20, 2001, Keipler, as beneficiary of and on behalf of the Trust filed another federal action against the Nyman Defendants and WTC, C.A. No. 01-085T. In this action, she alleged the same cause of action against the Nyman Defendants as presented in the 1998 suit. She also claimed that WTC violated its fiduciary duty to the beneficiaries of the trust by failing to assert any claim or take any action against the Nyman Defendants. Since the federal court had yet to decide the Keipler and Lawton 1998 suits, the court continued pre-trial conferences pending decisions in those suits.
In January of 2002, the Federal Court, Torres J., found in favor of Keipler and Branch in CA. No. 9272T. In his decision and order, Judge Torres held that the Nyman Defendants had breached their fiduciary duties to Beverly Keipler and Kristin Branch by issuing themselves treasury stocks of the company. The court found that the Nyman defendants anticipated a sale of the company that was likely to increase the stock value.[1] The court found that Keipler and Branch were entitled to damages in the amount of $573,443.53 plus interest from September 29, 1997.
On January 24, 2002, Keipler moved for partial summary judgment against the Nyman Defendants in C.A. No. 01-085T. The Federal Court denied this motion as premature, since the Nyman Defendants moved for a new trial in both the Keipler and Lawton federal matters. The Federal Court denied the motion for a new trial on February 26, 2002, prompting Keipler to refile her motion for partial summary judgment. Prior to ruling on that motion, the Nyman Defendants appealed the denial of their motion for a new trial to the First Circuit Court of Appeals.[2] On April 5, 2002, Keipler and Branch filed a cross appeal with the First Circuit.
On February 25, 2002, WTC brought this second petition for instructions seeking the Court's guidance as to whether it should file a cross claim in the most recent federal action against the Nyman Defendants on behalf of the Trust.
 INSTRUCTIONS
At hearing on July, 26, 2002. the Court heard arguments from all. Keipler argued the current federal suit she brought is on behalf of the trust, and therefore the trust is protected and WTC no longer needs to take any action. WTC argued that Keipler does not have standing to file a suit on behalf of the trust.
Upon filing the first petition for instructions, the validity of the claims brought by Keipler and Lawton were not apparent. Subsequently, the Federal Court determined that the Nyman Defendants breached their fiduciary duties. In addition, an action has been filed against WTC alleging it breached its fiduciary duty to the Trust by not bringing a suit on behalf of the Trust. It would be inappropriate and unnecessary for this Court to enter a legal fray being fought in Federal Court.
 CONCLUSION
Washington Trust Company's petition for instructions is denied.
Counsel shall submit the appropriate judgment for entry.
[1] The Federal Court reached the same conclusion on the Lawton suit.See Lawton v. Nyman, 2002 WL 221621, at *16 (D.R.T. January 17, 2002).
[2] The Nyman Defendants also appealed the denial of a new trial motion in the Lawton matter.